## JOHN B. PICKETT vs. ERASTUS DOWNER.

ORANGE,
March,
1831.

D undertook to remove certain boxes of lumber down a river and deposit them safely in a certain cove; but being prevented by the owner of the cove from depositing them there, he left them in an eddy immediately below the cove, in as safe a place as could be found, fastened by a rope, and paid no further attention to them. The water in the river afterwards arose, in consequence of which the lumber was carried away and lost. It was held, in an action brought by the owner against D, to recover for the lumber so lost, that it was not only the duty of the defendant, under the circumstances of the case, to place the lumber in as safe a place as there was near to said cove, but also to continue a prudent care over the same, until he had given notice to the owner, and until the owner, after such notice, could resume the care and control thereof.

This was an *action on the case*, in which the plaintiff declared against the defendant, that he, the defendant, undertook to take two boxes of lumber from the foot of the upper locks at White river falls, on Connecticut river, and remove the same and deposit them in a certain cove immediately above the lower locks on said falls; and complaining that the defendant so negligently performed the said undertaking, that the said boxes of lumber were carried off down the river, and were broken, injured and lost. There was a second count alleging that the defendant had undertaken to remove said lumber, and *take care of the same*, and that he so negligently did it, it was injured and lost. The defendant pleaded *not guilty*. At the trial of the issue, it appeared in evidence that the defendant had agreed with the plaintiff, (who resided in Bradford, about thirty miles from said locks,) to remove said boxes of lumber, which lay in the river, and deposit them safely in said cove; that he did remove them, but the owner of the cove forbid and prevented the defendant from putting them in the cove; that the defendant thereupon deposited the lumber in an eddy, immediately below said cove, in as safe a place as could be found, and made the same fast with a rope; that it remained there securely ten or twelve days, when it was carried off by a freshet in the river, and broken to pieces and materially injured. The plaintiff introduced evidence tending to show that the cove in question was a safe place of deposit for lumber; that it had always been used by lumbermen at their pleasure, without paying toll, or without being controlled or prevented by the owner; that the defendant lived, at the time when he contracted to remove said lumber, near to said cove, and that for a day or two before said lumber broke away and went down the river, it moved about in the eddy, having fifteen or twenty feet more length of rope than would best secure it from danger; that the defendant being asked who had the care of the lumber, a day or two before it broke loose,

ORANGE,
March,
1831.

Pickett
*vs.*
Downer.

answered, he had the care of it ; and he was told it would be carried away if not taken care of ; that no further attention was paid to it by the defendant. The defendant requested the court to charge the jury, that if they found the defendant agreed to put the boxes into said cove, yet if they found the owner of the cove had forbidden him from so doing, he was excused therefrom, and that in that case the defendant was only bound to put the boxes in the next most secure place then to be found, and there fasten and secure them as well as he then could ; and that he was not in duty bound to have any further care of them. But the court charged the jury, that if they found the owner of the cove did not prevent or forbid the defendant from putting the lumber into said cove, he had put it elsewhere at his own risk ; that if the defendant found a difficulty by the interference of the owner, which was not contemplated by either plaintiff or defendant when the contract was made, the plaintiff living at a distance, and the defendant near to said cove, it was not only the duty of the defendant to place said lumber in as safe a place as there was, near by, which he was at liberty to use, but also to continue a prudent care over the same in the event of highwater, until he had given notice to the plaintiff that he was so prevented from putting the lumber into said cove, and until the plaintiff could, after such notice, resume the care of said lumber ; and that they could not find the defendant guilty unless they found that the injury occurred through his neglect. The jury returned a verdict for the plaintiff. The defendant filed exceptions, on which the cause was removed to the Supreme Court, on a motion for a new trial.

*Mr. Collamer, for defendant.*—1. The defendant insists, when he was employed only to remove the lumber to the cove, he cannot, by fortuitous events, not within his control, be visited with any farther or continued duty or risk which he never undertook. He was entitled to complete his services *at that time* ; and if he did what a man of ordinary prudence would have done with his own property *at the time*, it is enough. He had a right to expect, and did expect, the owner immediately to see to it ; and he had never undertaken, nor was he bound by law, to go forty miles to inform the owner, nor could he have recovered pay for so doing.

2. It was the duty of the owner to procure licence from the owner of the cove for their storage and safe keeping *there ;* this he should have previously attended to ; and he cannot, by his own neglect of this duty, visit care, expense and risk on the defen-

Orange,
March,
1831.

Pickett
vs.
Downer.

dant. The court did, indeed, tell the jury, if the defendant was prevented by the plaintiff, he is excused; but they should have told them this neglect of the plaintiff's providing licence of the owner of the cove, was such a wrong of his that he cannot be permitted to take advantage of it: for in trespass on the case, where the damages are in any measure the result of the plaintiff's neglect, he cannot recover.

3. The court did, indeed, charge the jury they could not find for the plaintiff, unless the damage was occasioned by the defendant's neglect; yet it must be understood, *neglect* of that which the court had previously said was his duty, and in pointing out which duty the defendant contends there is error.

4. The court say, if the objection to entering the cove was not anticipated by the parties, it created additional duties on the defendant, which could not be then discharged, but visited a *continuing care* on him. The defendant contends that the plaintiff by presuming on the consent of the cove-owner, could not, without notice or agreement, visit any such liabilities on the defendant. Besides, this ought not to have been charged as supporting either count in the declaration; for neither counts on a duty arising from any such contingency.

*Smith and Peck, contra.*—1. The defendant undertook for a reward to be paid him therefor, to remove and deposit the lumber in the cove; and the act of the owner of the cove does not excuse him from the performance of his contract. The undertaking of the defendant was absolute, and it is his own fault and folly that he did not provide against this event. It must be presumed, that he knew whether the fulfilment of his undertaking was in his power.—1 *Chitt. on Con.* 272; *Cowp.* 784; 3 *B. & P.* 291; 7 *Mass. Rep.* 325, 436; 13 *Mass. Rep.* 94; 3 *M. & S.* 267; *Blight* vs. *Page*, 2 *B. & P.* 295, n. a.; 3 *Alleyn*, 27; 7 *Mass. Rep.* 331; 6 *Term Rep.* 650, 750; 5 *Vin. abr.* 207; *Roll. abr.* 415, 452; 6 *Term Rep.* 710; 1 *Saund.* 216.

If these authorities are applicable to the case at bar, and it is impossible for the plaintiff's counsel to see why they do not apply with all their force, they are decisive of the question. If then it was the duty of the defendant, under the circumstances of this case, to deposit the lumber in the cove, as he had contracted to do, he is liable in this form of action for a breach of that contract. —1 *Term Rep.* 274; 3 *East. Rep.* 62; 1 *Chitty's Pl.* 133–4; 2 *Strange*, 1192. At all events, the lumber must be regarded

ORANGE,
*March,*
1831.

Pickett
*vs.*
Downer.

as in the possession of the defendant, till he gave the plaintiff notice that he could not deposit it at the place agreed upon, and that he had left it at a place not contemplated by the contract, and until the plaintiff could resume the possession of it. The defendant undertakes to deliver property at a particular place, and instead of a delivery at that place, in consequence of an event not anticipated by either party, delivers it at another place without notice to the plaintiff, while he had every reason to suppose the contract fulfilled. The necessity of the case, and the safety of community, would seem to require, that the possession of the carrier should continue until the contract is perfected by a delivery of the property at the place designated, or until notice given to the owner, that he could not fulfil the contract, and he be held liable for any loss in the mean time occasioned by his neligence. Such, no doubt is the law in the case of a common carrier; (4 *Pick.* 371 ;) and the same reason exists for extending the doctrine to the case of a carrier in a particular instance. In the case of *Ostrander* vs. *Brown,* (15 *Johns. Rep.* 39,) it was held, that placing goods on the wharf is not a delivery to the consignee so as to discharge the carrier, even though there be an inability or refusal of the consignee to receive them. So if it be the usage of the carrier to deliver goods at the house to which they are directed, he is bound to do so, and to give notice to the consignee.—2 *Wm. Blackstone's Rep.* 916 ; 2 *Kent's Com.* 469. The principle to be extracted from all the authorities on this subject is, that notice is required to be given to the consignee, that he may take charge of the goods. If notice to the consignee of the delivery of goods is required, is not notice to the owner of a non-delivery at the place designated, and at a place where they would be more exposed, equally, nay more necessary? If we are correct in the position last taken, the only remaining question is, was the lumber lost through the negligence of the defendant? The case was put to the jury expressly on this ground, and they have found the point against the defendant.

WILLIAMS, J.—The jury have found, under the charge of the court, that the injury of which the plaintiff complains, arose from the neglect of the defendant, and the question in the case must arise under the second part of the charge of the court, as to the duty of the defendant, if prevented by the owner of the cove from putting the lumber in the place contemplated by the parties. There has been no dispute as to the first part of the charge, and

ORANGE,
March,
1831.

Pickett
vs.
Downer.

indeed there can be none. If the defendant placed the lumber in a place different from the one where he stipulated to place it when there was no lawful excuse for so doing, he was liable for all damages.

We are well satisfied with the charge given in this case to the jury, as to the duty of the defendant, and are not disposed to decide whether the defendant was bound by his contract at all events to place the lumber in the cove contemplated; but considering that he was prevented by the owner from placing it there, and that this was a contingency not contemplated by either of the parties, at the time of making the contract, and, therefore, not provided for, we think the duty of the defendant was very plain. He could not abandon all care of the property intrusted to his charge; but he became an agent from necessity, and was bound to take prudent care of the property until he had given notice to the owner, and the owner had had sufficient time to make such further provision as he thought proper. By giving this notice he could relieve himself from any further responsibility after a reasonable time had elapsed. And it was his duty to give such notice when by the interference of the owner of the cove he was prevented from placing the property in the situation which the plaintiff directed. The situation of the defendant, under these circumstances, is somewhat similar to that of a master of a vessel when the voyage is interrupted in a foreign port by capture, detention, or unforeseen, or unusual casualties; he then becomes from necessity the agent for the owners, freighters, insurers, and all concerned.—9 *Mass.* 548, *Douglas* vs. *Moody et. al.* The court did not charge the jury that a neglect to give notice to the owner would make the defendant liable; but that the property remained in his custody until such notice, and that he was bound to take prudent care of the same. The jury have found that there was on the part of the defendant a want of this care, and that in consequence thereof the plaintiff has sustained the injury complained of. The case was certainly put on as favorable ground for the defendant as he was entitled to.

The judgement of the county court must be affirmed.

*Smith & Peck,* for plaintiff.

*Collamer,* for defendant.